UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIJON TOWNSEND,

               Plaintiff,         Civil Action No. 22-10019

v.                                       Linda V. Parker
                                        United States District Judge

CITY OF TAYLOR, *et al.*,         David R. Grand
                                        United States Magistrate Judge

               Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS
## PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE

On January 5, 2022, *pro se* plaintiff Dijon Townsend ("Townsend") filed a complaint in this matter against the City of Taylor, the 23rd District Court, the Taylor Police Department, and several individuals (collectively "Defendants"). (ECF No. 1). On January 12, 2022, an "Order Directing Plaintiff to Complete Service Documents and for Service of Process by the U.S. Marshal" was issued by the Court. (ECF No. 6). In that Order, Townsend was informed that, within fourteen calendar days, he was required to complete and present to the Clerk's Office certain documents necessary to effectuate service in this case, including one copy of the complaint for each defendant, two USM 285 forms for each defendant, and three summonses for each defendant. (*Id.*). Townsend did not timely submit any of these documents in accordance with the Court's directive.

As a result, on March 1, 2022, the Court issued an order requiring Townsend to show cause why this action should not be dismissed for failure to submit the requisite

service-related documents. (ECF No. 10). A response was due on March 18, 2022, and the Court's order has not been returned as undeliverable. To date, however, no response to that order has been filed.

A court may dismiss an action under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. In deciding whether to dismiss an action for these reasons, a court should consider (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the delinquent party's conduct; (3) whether the delinquent party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Moreover, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Applying these principles to the instant case, the Court finds that three of the four factors weigh in favor of dismissal.[1] First, despite the Court putting Townsend on notice of his failure to complete documents necessary to effectuate service, he has failed to respond to the Court's Order to Show Cause, or to otherwise take steps to ensure that service is accomplished. While the Court does not presume this is the result of bad faith or willfulness, Townsend is clearly at fault for failing to complete and present to the Clerk's

---

[1] The Court can find no prejudice to Defendants by virtue of Townsend's failure to complete documents for service, and, thus, the second factor is not satisfied here.

Office the documents necessary to effect service in this case.

The third and fourth factors also weigh in favor of dismissal in light of the Court's Order to Show Cause; Townsend simply failed to respond to that order, which was issued weeks ago, and which specifically warned him that failure to comply with its terms would lead to dismissal of this action without prejudice. (ECF No. 10, PageID.86). Thus, Townsend has been on notice of his failure to timely complete and submit the requisite service-related documents for weeks and has taken no steps to remedy this deficiency.

Having considered the relevant factors, the Court finds it appropriate to dismiss this action pursuant to Rules 4(m) and 41(b) due to Townsend's failure to submit the requisite service-related documents, as well as his failure to comply with the Court's Order to Show Cause. Under Rule 4(m), such a dismissal should be without prejudice. Accordingly, the Court **RECOMMENDS** dismissing Townsend's complaint **WITHOUT PREJUDICE**.

Dated: April 11, 2022           s/David R. Grand
Ann Arbor, Michigan           DAVID R. GRAND
         United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and

Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 11, 2022.

                                                  s/Eddrey O. Butts
                                                  EDDREY O. BUTTS
                                                  Case Manager